# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| Curtis Milner, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | Case No: 18 C 3428 |
| | ) | |
| v. | ) | |
| | ) | Judge Kennelly |
| Lillian Coleman and Veterans, | ) | |
| Administration Hospital, | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, the Court grants defendants' motion to dismiss [25] and denies plaintiff's motion to vacate defendants' motion to dismiss [30]. The Clerk is directed to enter judgment dismissing this case with prejudice.

## STATEMENT

Curtis Milner filed a pro se lawsuit against Lillian Coleman and two other defendants alleging personal injuries. *See Milner v. Garcia, et al.*, Case No. 16 C 5444 (N.D. Ill.). The Court dismissed Mr. Milner's injury claim based on the statute of limitations, *see id.*, dkt. no. 48 (Order of Aug. 9, 2017), and then entered final judgment against Mr. Milner after he did not seek to assert other claims he had alluded to in his filings in that case. *See id.*, dkt. no. 50 (Judgment entered Sept. 19, 2017). Mr. Milner then moved for reconsideration, attempting among other things to assert two of the claims that he had alluded to in his earlier filings but had never actually pleaded. One involved a failure to make repairs to Mr. Milner's living unit; the Court concluded that this did not implicate any federal rights. The other involved retaliatory conduct by Ms. Coleman; the Court concluded that any such claim against Ms. Coleman would be barred by the statute of limitations. The Court therefore declined to reconsider the entry of judgment in November 2017. Mr. Milner did not appeal.

Mr. Milner filed the present lawsuit in May 2018. He asserts the same claims that he asserted or tried to assert in his earlier lawsuit, seeking damages of $50 million. Mr. Milner alleges in his complaint that he is entitled to equitable tolling of any statutes of limitation. The defendants have moved to dismiss. The Court grants the motion. Mr. Milner's claims are barred by the doctrine of claim preclusion, which prevents a party from relitigating issues that were or could have been raised in an earlier lawsuit that ended in a final judgment. *See, e.g., Federated Dep't Stores v. Moitie*, 452 U.S. 394, 397 (1981). Having lost once on these claims, Mr. Milner is not entitled to file a new suit reasserting them. No recognized exception to claim preclusion applies. And even if the claims were not barred by the doctrine of claim preclusion, they are all time-barred, because they accrued in 2014 at the latest (when Mr. Milner was evicted), and the statute of limitations

is two years. *See* 28 U.S.C. § 2401(b). Mr. Milner is not entitled to the benefit of equitable tolling; his only argument is that he was not aware of the statute of limitations, which is not a legally viable excuse.

For these reasons, the Court directs the Clerk to enter judgment dismissing this case with prejudice.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 4, 2019